<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT L. MORGAN, | |
| Plaintiff, | Civil Action No. 11-7513 (ES) |
| v. | OPINION |
| BOROUGH OF FANWOOD, BOROUGH OF FANWOOD POLICE DEPARTMENT, SERGEANT THOMAS JEDIC OF THE BOROUGH OF FANWOOD POLICE DEPARTMENT, UNION COUNTY SHERIFF'S DEPARTMENT, UNION COUNTY SHERIFF'S OFFICER GLEN TRESCOTT, JOHN DOES I to X (fictitious named individuals) and ABC I to X (fictitious named entities and/or corporations), | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court by way of the motion for summary judgment filed by Defendants Sergeant Thomas Jedic and Sheriff's Officer Glen Trescott (collectively "Defendants"). (D.E. No. 69). On July 7, 2015, the Court granted Defendants' motion for summary judgment as to Plaintiff's: (1) Fourth Amendment unlawful stop claim; and (2) Fourth Amendment, Fourteenth Amendment, and 42 U.S.C. § 1985(3) claims with respect to the challenged search warrant. (*See* D.E. No. 75). The Court reserved its decision on Plaintiff's Fourteenth Amendment equal protection claim against Defendant Jedic and requested supplemental briefing. (*See id.*). For the reasons set forth below, the Court GRANTS Defendants' motion for summary judgment as to Plaintiff's equal protection claims.

1

**I.       Background**

This action arises out of a vehicle stop and subsequent search that occurred on January 2, 2010.[1] On December 23, 2011, Plaintiff filed a Complaint asserting 42 U.S.C. § 1983 claims against Defendants for initiating an unlawful vehicle stop and fabricating testimony to secure a search warrant in violation of the Fourth Amendment and the procedural due process and equal protection clauses of the Fourteenth Amendment. Plaintiff also asserts several state law claims.

Following discovery, Defendants filed a motion for summary judgment on all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 56. (D.E. No. 69). On July 7, 2015, the Court issued a written Opinion, granting Defendants' motion in part and reserving judgment in part. (D.E. No. 75 ("July 7 Opinion") at 1). Specifically, the Court dismissed Plaintiff's procedural due process claim with prejudice, and found that "the vehicle stop was a reasonable seizure that did not violate Plaintiff's Fourth Amendment rights." (*Id.* at 12). Furthermore, the Court found that "Plaintiff ha[d] not presented evidence that Defendants made any material misrepresentations or omissions in support of the warrant application," and dismissed Plaintiff's Fourth Amendment, Fourteenth Amendment, and § 1985(3) claims "arising from the challenged warrant" with prejudice. (*Id.* at 16).

As to the Plaintiff's Equal Protection Claim, the Court found that "Defendant Jedic did not move for summary judgment . . . with specificity."[2] (*Id.*). Accordingly, the Court ordered both

---

[1] This Opinion incorporates by reference the facts established in this Court's July 7, 2015 Opinion. (D.E. No. 75).

[2] Plaintiff objects to the Court's request for supplemental briefing. (D.E. No. 80, Plaintiff's Supplemental Letter Brief ("Pl. Supp. Br.") at 1). According to Plaintiff, the Court's decision to request supplemental briefing was "highly unprecedented." (*Id.* at 2). To begin, Plaintiff does not cite, nor can the Court locate, any authority stating that it was "unprecedented" for the Court to request supplemental briefing. The Court requested supplemental briefing because Defendant Jedic "did not move for summary judgment on [Plaintiff's equal protection claim] with specificity" despite seeking dismissal of the entire Complaint. (Op. at 16). The Court provided both parties with ample opportunity to brief Plaintiff's equal protection claim. Indeed, a district court has the discretion to manage its own docket. *See Dasilva v. Esmore Corr. Servs.,*

2

parties "to submit supplemental briefing addressing why Defendant Jedic is or is not entitled to summary judgment dismissing the remaining equal protection claim." (*Id.* at 17). The Court also declined to address Plaintiff's state law claims until the parties submitted their supplemental briefing, but cautioned that "[i]n the event the Court grants summary judgment dismissing Plaintiff's remaining Fourteenth Amendment claim, there is a significant possibility that the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims." (*Id.*).

Both parties timely submitted their supplemental briefs. (D.E. No. 79, Defendants' Supplemental Letter Brief ("Def. Supp. Br."); D.E. No. 80, Plaintiff's Supplemental Letter Brief ("Pl. Supp. Br.")).

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, a court must consider all facts and their reasonable inferences in the light most favorable to the nonmoving party. *See Pa. Coal Ass'n v.* Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. In opposing summary judgment, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material

---

*Inc.*, 167 F. App'x 303, 308 (3d Cir. 2006). Rather than deciding the issue on a mere technicality, the Court decided to request additional briefing in order to decide Plaintiff's equal protection claim on the merits— particularly in light of the fact that this case has been pending for nearly five years.

facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rest upon the mere allegations or denials in its pleadings. *See Celotex*, 477 U.S. at 324. Furthermore, the nonmoving party cannot rely on speculation and conclusory allegations to defeat summary judgment. *Ridgewood Bd. of Educ. v. N.E. ex rel M.E.*, 172 F.3d 238, 252 (3d Cir. 1999).

### III. Discussion

#### A. Plaintiff's Equal Protection Claims

Plaintiff claims that Defendant Jedic denied him equal protection of the laws by stopping his vehicle. (D.E. No. 1, Complaint ("Compl.") ¶ 35). Plaintiff argues that Defendant Jedic selectively enforced the traffic laws against Plaintiff based on Plaintiff's race. (Pl. Supp. Br. at 3). According to Plaintiff, the January 2, 2010 stop was "arbitrary and selective." (*Id.* at 4). Plaintiff argues that the issuance of the summons for violation of N.J.S.A. 39:3-66 is "evidence of [Defendant Jedic's] selective enforcement of the law for the purpose of asserting a valid equal protection claim," (*id.* at 5), because Defendant Jedic "deliberately misinterpreted an otherwise facially valid statute to single out [Plaintiff] for a violation that didn't actually occur," (*id.* at 6). Moreover, Plaintiff cites to evidence that Defendant stopped another motorist for an equipment violation on January 2, 2010 but did not issue a summons. (*Id.* at 6 (citing D.E. No. 60, Ex. D)).

The equal protection clause of the Fourteenth Amendment bars "discriminatory enforcement of a facially valid law." *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (citations omitted). Claims for selective enforcement of a facially non-discriminatory law must show: (1) "that [an individual] was treated differently from other similarly situated individuals" and (2) "that this selective treatment was based on an 'unjustifiable standard, such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right.'"

*Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (quoting *Holder v. City of Allentown*, 987 F.2d 188, 197 (3d Cir. 1993)). Thus, to maintain a selective enforcement claim, a plaintiff "must provide evidence of discriminatory purpose, not mere unequal treatment or adverse effect." *Jewish Home of E. Pa. v. Ctrs. for Medicare & Medicaid Servs.*, 693 F.3d 359, 363 (3d Cir. 2012).

Here, the Court concludes that Defendant Jedic has established that no genuine issues of material fact exist, and he is entitled to judgment on Plaintiff's equal protection claim. The record shows, and Plaintiff does not dispute, that Defendant Jedic did not know the race of the driver in Plaintiff's vehicle until the driver stopped the vehicle at the curb. (D.E. No. 64-3, Deposition of Thomas J. Jedic ("Jedic Dep.") at 19:17-20:7; 23:3-25:11 (noting that Defendant Jedic first saw the exposed taillight and lack of secured door, not the driver)). According to Defendant Jedic, he did not recognize Plaintiff to be an African-American male until Defendant Jedic "made contact with him after, . . . when [Defendant Jedic] stopped the vehicle." (*Id.* at 25:8-11; Def. Supp. Br. at 4). As such, Defendant Jedic could not have stopped Plaintiff's vehicle with the requisite race-based discriminatory intent. *See Jewish Home of E. Pa.*, 693 F.3d at 363 (requiring "evidence of discriminatory purpose, not mere unequal treatment or adverse effect" for a selective enforcement claim).

The Court reaches this conclusion even in light of Defendant Jedic's previous equipment violation stop on January 2, 2010. Plaintiff cites to Defendant Jedic's January 2, 2010 Shift Activity Report which states that, on January 2, 2010, Defendant Jedic stopped a vehicle at 1:23 p.m. for an equipment violation. (*See* Pl. Supp. Br. at 6; D.E. No. 80, Ex. D). The Shift Activity Report does not indicate whether or not a summons was issued for this stop. (*See* D.E. No. 80, Ex. D). This fact is not enough, however, to overcome Defendant Jedic's motion for summary

5

judgment. Indeed, this fact neither establishes that Defendant Jedic treated Plaintiff differently than similarly situated individuals based on race, nor does it create a genuine issue of material fact to that effect. In particular, the Court is unaware whether or not the individual Defendant Jedic stopped at 1:23 p.m. was similarly situated to Plaintiff—which is necessary to establish an equal protection claim. Without creating, at the very least, a genuine issue of material fact as to the elements of an equal protection claim, the Court concludes that Defendant Jedic is entitled to judgment as a matter of law.

Finally, in the supplemental briefing, Plaintiff renews his argument that N.J.S.A. 39:3-66 does not include light covers. (Pl. Supp. Br. at 5-6). Plaintiff argues that Defendant Jedic "deliberately misinterpreted an otherwise facially valid statute to single out the Plaintiff." (*Id.* at 6). Defendant did not have an opportunity to respond to this argument during supplemental briefing. But, when Plaintiff raised this argument during the previous motion for summary judgment, Defendant contended that it was "unreasonable" and "illogical" for Plaintiff to argue that N.J.S.A. 39:3-66 did not include light covers. (*See* D.E. No. 73, Defendants' Reply Brief at 15). Moreover, Defendant contended that probable cause to stop Plaintiff's vehicle did not stem solely from the N.J.S.A. 39:3-66 violation, but rather also from Defendant Jedic's observation that Plaintiff's front driver-side door was not properly secured. (*Id.* at 16).

Even in light of Plaintiff's argument, the Court concludes that the undisputed facts demonstrate that Defendant Jedic could not have stopped Plaintiff's vehicle with the requisite race-based discriminatory intent. To begin, Defendant Jedic did not know the race of the driver in Plaintiff's vehicle until the driver stopped the vehicle at the curb. (Jedic Dep. at 25:8-11; Def. Supp. Br. at 4). Moreover, it is undisputed that Defendant Jedic observed Plaintiff driving with a door that was not fully secured, in violation of N.J.S.A. 39:3-44. *See* N.J.S.A. 39:3-44 (prohibiting

6

drivers from operating a vehicle in an "unsafe condition"); (D.E. No. 69-4, Defendant Jedic's Statement of Undisputed Material Facts ¶ 10; D.E. No. 72-1, Plaintiff's Responses to Defendant Jedic's Statement of Undisputed Material Fact ¶ 10). Thus, as he argued, Defendant Jedic had an additional, non-race-based reason for stopping Plaintiff's vehicle.

Further to the point, there is no evidence that Defendant Jedic understood N.J.S.A. 39:3-66 as applying only to taillight light bulbs.[3] Plaintiff fails to cite to any evidence in the record that Defendant Jedic "deliberately misinterpreted an otherwise facially valid statute to single out the Plaintiff." (Pl. Supp. Br. at 6). Accordingly, the undisputed facts show that Defendant Jedic is entitled to judgment as a matter of law as to Plaintiff' equal protection claim.

**B. State Law Claims**

The only remaining question for this Court is whether to continue to exercise jurisdiction over Plaintiff's state law claims, given that all of Plaintiff's federal law claims have been dismissed. Defendants ask this Court to continue its pendant jurisdiction because "it is clear as a matter of law that [the state] claims cannot be sustained." (Def. Supp. Br. at 5). However, "district courts may decline to exercise supplemental jurisdiction . . . if the district court has dismissed all

---

[3] Plaintiff argues that the Court fails to cite to any source for its interpretation of "lamp" in N.J.S.A. 39:3-66 as including "the cover of the bulb." (Pl. Supp. Br. at 5; *see also* Op. at 11). According to Plaintiff, "lamp" is defined as "[a] device that generates light, heat or therapeutic radiation." (Pl. Supp. Br. at 5 (citing American Heritage Dictionary)). Although the Court did not cite authority for its interpretation that the term lamp refers to the entire apparatus, including the cover, the Court would note that the plain reading of the statute favors the Court's broad interpretation. N.J.S.A. 39:3-66 provides that "[a]ll lamps, reflectors and other illuminating devices . . . shall be kept clean and in good working order and . . . shall be mounted in such a manner as to reduce the likelihood of their being obscured." The term "reflectors" and "other illuminating devices" could conceivably include lamp covers—as the Court noted in its previous Opinion. (Op. at 11). Indeed, it would be superfluous for N.J.S.A. 39:3-66 to list three terms all referring to bulbs. Moreover, the Court stands by its ruling that "the term lamp refers to the entire apparatus, including the bulb cover." *See Oxford English Dictionary* 609 (2nd ed. 1991) (defining "lamp" as "a vessel of glass or some similar material *enclosing* the source of illumination (emphasis added)); *see also* Oxford Online Dictionary, *Definition of "lamp,"* (June 8, 2016) http://www.oxforddictionaries.com/us/definition/american_english/lamp (defining "lamp" as "[a] device for giving light, either consisting of an electric bulb *together with its holder and shade or cover* . . . ." (emphasis added)).

7

claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999).

Given that summary judgment has been granted in Defendants' favor as to all Plaintiff's federal claims, the Court declines, in its discretion, to exercise supplemental jurisdiction as to Plaintiff's state law claims. This Court finds no prejudicial harm to either party in doing so, after considering "judicial economy, convenience, and fairness the parties," *Lopresti v. Cnty. of Lehigh*, 572 F. App'x 133, 135 (3d Cir. 2014), especially because the parties were on notice of this Court's likelihood to decline jurisdiction.

**IV.     Conclusion**

For the reasons set forth above, the Court GRANTS Defendants' motion for summary judgment with respect to Plaintiff's equal protection claim. As such, the Court, in its discretion, declines supplemental jurisdiction as to Plaintiff's state law claims. An appropriate Order accompanies this Opinion.

s/*Esther Salas*
**Esther Salas, U.S.D.J.**